**This order is SIGNED.**

**Dated: October 21, 2020**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

*Order Prepared and Submitted by:*

George Hofmann (10005)
Matthew M. Boley (8536)
Jeffrey Trousdale (14814)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Email: jtrousdale@ck.law

*Attorneys for* George Hofmann, Chapter 11 Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy No. 17-29073 (KRA) |
|---|---|
| VIDANGEL, INC., | Chapter 11 |
| Debtor. | |

### ORDER GRANTING JOINT MOTION TO CONVERT TRUSTEE'S OBJECTION TO PROOF OF CLAIM FILED BY CLEARPLAY, INC. TO ADVERSARY PROCEEDING

The matter before the Court is the *Joint Motion to Convert Trustee's Objection to Proof of Claim Filed by Clearplay, Inc. to Adversary Proceeding* (the "Motion"), filed by George Hofmann, in his capacity as the Chapter 11 Trustee of VidAngel, Inc. (the "Reorganized Debtor"), and Clearplay, Inc. ("Clearplay"). The Motion seeks to convert the *Trustee's Objection to Proof of Claim Filed by Clearplay, Inc.* [Docket No. 614] (the "Claim Objection") to an adversary proceeding, consistent with the Conversion Procedures set forth therein. After reviewing and considering the Motion, and based on the stipulation of the Trustee and Clearplay and such other matters of record as the Court deemed appropriate, the Court hereby

{00519227.DOCX /}

**FINDS AND CONCLUDES** as follows:

A. the Court has jurisdiction under 28 U.S.C. §§ 157 and 1334;

B. this matter is a core proceeding under 28 U.S.C. § 157;

C. notice was, and is, adequate and proper within the meaning of 11 U.S.C. § 102(1); and

D. good cause exists for the relief granted herein.

WHEREFORE, based upon the Motion and the foregoing findings and conclusions, it is hereby

**ORDERED** as follows:

1. The Motion is GRANTED.

2. The "Conversion Procedures" set forth below are APPROVED—

(a) The Claim Objection shall be converted into an adversary proceeding, with a separate adversary proceeding number and adversary proceeding docket.

(b) The Claim Objection shall be deemed the "complaint," and the responsive pleading shall be deemed the "answer" to the complaint.

(c) Clearplay shall have thirty (30) days from the date of the entry of this Order to file its answer to the Claim Objection. Alternatively, within fourteen (14) days from the date of the entry of this Order, Clearplay may request that the Trustee or Reorganized Debtor (as the case may be) file an amended pleading in the "traditional" form of a complaint, by filing a notice on the adversary proceeding docket. The amended pleading/complaint must be filed within 21 days of such request. Clearplay shall then file an answer within 30 days after the amended pleading/complaint is filed.

  (d) Parties-in-interest with standing to do so shall have the right to file a motion to intervene. For example, under Bankruptcy Code § 502(a), all creditors and parties-in-interest have standing to object to a claim. Further, pursuant to Bankruptcy Rule 3008, all creditors and other parties-in-interest have standing to "move for reconsideration of an order allowing or disallowing a claim against the estate."

  (e) After Clearplay files its answer in the time set forth in subsection 2(c) of this Order, the Court will set an initial status conference in the adversary proceeding. At the status conferences, the parties can discuss case procedure, discovery matters, and any other pertinent issues.

  (f) Within seven (7) days from the entry of this Order, the Reorganized Debtor will pay the fee owed under 28 U.S.C. § 1930 for the filing of an adversary proceeding.

3. The hearing on the Claim Objection that was previously scheduled for October 27, 2020, is stricken.

-------------------------------------- END OF ORDER --------------------------------------

# DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing Order shall be served to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of the record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- J. Thomas Beckett    tbeckett@parsonsbehle.com, ecf@parsonsbehle.com;brothschild@parsonsbehle.com
- Matthew M. Boley    mboley@ck.law, klopez@ck.law
- Michael Ronald Brown    mbrown@parsonsbehle.com
- Kenneth L. Cannon    kcannon@djplaw.com, khughes@djplaw.com
- Laurie A. Cayton tr    laurie.cayton@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov
- Joseph M.R. Covey    jcovey@parrbrown.com, calendar@parrbrown.com;lstumpf@parrbrown.com
- Rose Leda Ehler    rose.ehler@mto.com, cynthia.soden@mto.com;dkt-filings@mto.com;martha.larraondo-klipper@mto.com
- George B. Hofmann    ghofmann@ck.law, dhaney@ck.law;mparks@ck.law
- George B. Hofmann tr    trustee@ck.law, dhaney@ck.law;mparks@ck.law;UT16@ecfcbis.com;gbh@trustesolutions.net
- Michael R. Johnson    mjohnson@rqn.com, docket@rqn.com;swilliams@rqn.com
- Kelly M. Klaus    kelly.klaus@mto.com
- Peter J. Kuhn    Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov
- David H. Leigh    dleigh@rqn.com, swilliams@rqn.com;docket@rqn.com
- James E. Magleby    magleby@mcgiplaw.com, wayment@mgpclaw.com;gibson@mgpclaw.com;maart@mcgiplaw.com
- Joshua K. Peterman    josh@ck.law
- Jay Morgan Philpot    jmorganphilpot@gmail.com
- Grace S. Pusavat    gpusavat@parsonsbehle.com
- Brian M. Rothschild    brothschild@parsonsbehle.com, ecf@parsonsbehle.com;docket@parsonsbehle.com
- Joseph M. Shapiro    jshapiro@strongandhanni.com, cbecerra@strongandhanni.com
- Jeffrey L. Trousdale    jtrousdale@cohnekinghorn.com, mparks@cohnekinghorn.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

/s/ Jeffrey Trousdale